UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23028-HOEVELER

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.

**EMILIO BUSTILLO,**
    Defendant.
_____/

### ORDER

Before the Court is the plaintiff's Notice of Filing Additional Evidence in Support of Proof of Service on the Defendant, filed on June 30, 2008.

The plaintiff attempted to serve the defendant by delivering a copy of the summons and complaint to the defendant's residence at 13405 SW Court, Miami, Florida, on November 21, 2007. The process server's affidavit states that he served the papers on "John Doe as co-resident" of the defendant's abode. The "co-resident" did not provide his name, but he confirmed that Emilio Bustillo lived at that location. In its supplemental submission, the plaintiff provides tax records showing that Emilio Bustillo is the owner of the residence at 13405 SW Court in Miami.

Rule 4(e) of the Federal Rules of Civil Procedure states that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" Fed.R.Civ.P. 4(e)(1). Alternatively, service may be made by

leaving a copy of the summons and complaint at the individual's place of abode "with someone of suitable age and discretion who resides there." Fed.R.Civ.P. 4(e)(2)(B).

Like the Federal Rules, Florida law requires that process be left at the individual's usual place of abode "with any person residing therein who is 15 years of age or older." Fla. Stat. § 48.031(1)(a). The affidavit of service states that the summons and complaint were left with co-resident "John Doe" at the defendant's usual place of abode. From this declaration, the Court cannot determine whether "John Doe" resides at that address. Apart from providing tax records indicating that the defendant owns the property, the plaintiff's June 30, 2008 submission does not attempt to explain compliance with the rules for serving process.

Thus, the Court concludes that the plaintiff did not effect valid service under Rule 4(e)(2)(B) or Florida law. Although the time to serve the defendant has expired, the plaintiff is hereby given 30 days from the date of this order to perfect service on the defendant and file valid proof of service with the Court.

DONE AND ORDERED in chambers, Miami, Florida, April 27, 2009.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE